JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Keiji Yoshida

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re Ex Parte Application of | ) | Case No: |
| | ) | |
| | ) | **EX PARTE APPLICATION FOR ORDER** |
| KEIJI YOSHIDA, | ) | **PURSUANT TO 28 U.S.C. § 1782** |
| | ) | **PERMITTING DISCOVERY FOR USE IN** |
| Applicant. | ) | **FOREIGN PROCEEDING AND** |
| | ) | **MEMORANDUM IN SUPPORT** |
| _____ | ) | |

Applicant, Keiji Yoshida ("Yoshida"), an individual who resides in Japan, hereby applies to this Court ex parte for an order permitting discovery from Google LLC ("Google") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Google documents and information relating to certain Google Accounts through which certain anonymous statements which, under Japanese law, constitute defamation against Yoshida and unlawful interference with Yoshida's business were made.

This application is supported by the accompanying declaration of Yuka Ono ("Ono Decl."), an attorney in Japan who represents Yoshida in connection with an anticipated lawsuit in Japan against the person who made the unlawful statements  and declaration of Ryosuke Togi ("Togi Decl."), an attorney admitted in Japan to provide his opinion to assist this Court in

**In re Ex Parte Application of Keiji Yoshida**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

determining the scope of access logs reasonably required to identify anonymous perpetrators by using access logs.

**I.        BACKGROUND**

Yoshida is a software engineer and was an employee of Databricks Inc. ("Databricks") at its Japan office. Gmail is a free email service provided by Google and its domain name is "@gmail.com." Ono Decl ¶ 4.

On January 21, 2021, an unknown individual ("Account Holder") under an account whose email address is "hiroki.nakayama1980@gmail.com" and display name is "中山博貴" (the "Subject Google Account") sent a libelous statement to an employee of Databricks regarding Yoshida (the "Email"). Domain name shows that the Email was sent via Gmail service. The Email provides that Yoshida kissed the woman who was his colleague, made physical contacts and other obscene conducts against her by lying he was single despite he was married, and performed adultery and repetitive stalks against other women. Account Holder asked Databricks in the Email whether Databricks considered it was appropriate to employ Yoshida. In addition, Account Holder indicated in the Email that it ruined the value of Databricks to continue employment with Yoshida. See Exhibit A attached to Ono Decl. Though this statement was completely baseless, Databricks recommended Yoshida to resign the company, and Yoshida had no choice but to resign Databricks. *id*. ¶ 4.

From November 2020 to February 2021, Yoshida's ex-girlfriend posted on Twitter the similar posts, which Yoshida sexually harassed her, attempt to have sexual relationship by lying he was single despite he was married, and performed adultery and repetitive stalks against other women. The Japanese court found the posts will constitute defamation and ordered Twitter to provide access logs. *id*. ¶ 4.

According to Ono, Yoshida's Japanese attorney, the Email is false and was sent for harassment purposes and constitutes defamation and unlawful business interference under Japanese law.. In Japan, there is no measure to order Google disclose access logs because Google is not an internet provider defined Provider Liability Limitation Law. Under Japanese

law, only internet providers have an obligation to provide their access logs, and an email service provider like Gmail does not. *id*. ¶ 6.

Therefore, Yoshida intends to bring a lawsuit in Japan against the person associated with the Subject Google Account as soon as the person's identity has been ascertained through the discovery sought by this application. *id*.  ¶ 7.

In order to identify Account Holder , it is crucial for Yoshida to obtain the information relating to the Subject Google Account. *id*.  ¶ 8.

## II.        ARGUMENT

### A.        Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of  the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."  *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

### B.   Yoshida's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.

#### 1.   Google From Whom Discovery Is Sought Is Located in This District.

Google, from whom the discovery requested in this application is sought, is located in Mountain View, California[1].  Therefore, Google is within this Court's district.

**2.    The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested in this application must be use in a proceeding before a foreign tribunal.  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Yoshida intends to bring a lawsuit in Japan against the person associated with the Google account in question as soon as the person's identity has been ascertained through the discovery sought by this application.  Ono Decl.  ¶ 6.  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3.    Yoshida is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person."  As plaintiff in the anticipated litigation in Japan, Yoshida is clearly an interested person under 28 U.S.C. § 1782.

**C.    Yoshida's Application Further Meets All of the Discretionary Factors under *Intel*.**

**1.    Google Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*.

---

[1] https://www.google.com/about/locations/.

<u>**In re Ex Parte Application of Keiji Yoshida**</u>
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

"In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not a participant in the prospective Japanese lawsuit. Ono Decl. ¶ 9. Additionally, the documents that Yoshida seeks are located in the United States and not in Japan.  Thus, they are out of reach of the Japanese court's jurisdiction.

> **2.  The Requested Information Is Crucial to Yoshida's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In order to identify the person who committed unlawful acts against Yoshida through the Google account in question for purposes of bring a lawsuit against him in Japanese court, it is crucial for Yoshida to obtain the information relevant to the Google accounts used by the perpetrator. Ono Decl.  ¶  8. Japanese law does not allow "John Doe defendant" in civil litigation, and a plaintiff must state names and physical addresses of the all parties in the complaint. Article 2 (1) of Rules of Civil Procedure (Rules of the Supreme Court of Japan No. 5 of 1996 ).  *Id.* Therefore, without first obtaining the information about the Subject Google Account, Applicant may not even start a litigation. *Id.*

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

> **3.  Yoshida's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.**

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Yoshida is not aware of any restrictions imposed by or any policies under Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Ono Decl. ¶ 10. In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

### 4. Yoshida's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 265.

As shown in the proposed subpoena to Google attached to the proposed order submitted with this application, the discovery requested by Yoshida is narrowly tailored and limited to the discovery materials related to the Subject Google Accounts through which the identity of the defendant to the anticipated Japanese lawsuit could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Subject Google Account. *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, the proposed subpoena only seeks disclosure of name and address of the person whose credit card is associated with each of the Subject Google Account. It does not seek disclosure of credit card numbers or any other sensitive information. *In re Medical Corporation H&S*, Case No. 19-mc-80058-VKD, N.D. Cal. May 15, 2019 (admitted that applicant seeks disclosure of name and address of credit card holder registered on Google Account).

1   However, it is highly unlikely that the perpetrators have provided their true name and

2   address to Google.  Thus, the names and addresses Google may have on file in connection with

3   the Subject Google Account, even if they are disclosed in response to the proposed subpoena,

4   would be fictitious with high probability and would not help Applicant identify the perpetrators.

5   In such case, an access log is the only available information that could identify the perpetrators.

6   See Togi Decl. ¶ 8.  *In re Kiki. Co., Ltd.*, Case No. 19-mc-80048-NC, N.D. Cal. February 25,

7   2019.  *In re Med. Corp. H&S* (N.D.Cal. Mar. 15, 2019, No. 19-mc-80058-VKD) 2019

8   U.S.Dist.LEXIS 42926.  *Med. Corp. H&S v. Defendant* (N.D.Cal. May 30, 2019, No. 19-mc-

9   80107-SVK) 2019 U.S.Dist.LEXIS 90977.  *M&S LLC v. M&S LLC* (N.D.Cal. Aug. 19, 2019,

10  No. 19-mc-80168-DMR) 2019 U.S.Dist.LEXIS 140311.  *In re Exparte Med. Corp. H&S*

11  (N.D.Cal. Aug. 21, 2019, No. 19-mc-80186-VKD) 2019 U.S.Dist.LEXIS 142289. *In Re Ex*

12  *Parte Med Inc, Smile Create* (N.D. Cal. October 7, 2019, No.19-mc-80230-VKD), (all orders

13  above admitted that applicant seeks disclosure of access logs.)

14   The access logs at the time of the posting and login just before the posting should be

15  allowed because there is a possibility that these logs remain available and have not been

16  deleted yet, even though they were recorded more than 6 months ago. *Id* [[S]ome providers

17  keep access logs for more than 6 months].

18   However, these logs alone, assuming that they fortunately exist, may be incomplete or

19  insufficient to identify the perpetrator.  *Id*  ["Google often records only time stamps (not IP

20  addresses) at the time of each posting"].  In addition, in case that the perpetrator used special

21  tools for anonymization such as Tor (The Onion Router), the access log at the time of posting

22  would not reveal sufficient information for identifying. *Id*.  From Google's perspective, it is

23  neither unduly intrusive nor burdensome to disclosure *all* access logs, in lieu of the log at the

24  time of posting.  Providers such as Google routinely delete old access logs and keep only fresh

25  access logs for the most recent several months.  In fact, it is more burdensome for Google to

26  have to search for the particular access log containing all the information necessary to identify

27  the perpetrator.

28

**In re Ex Parte Application of Keiji Yoshida**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

Furthermore, access logs themselves contain no substantial private information of the Subject Google Account. Access logs only disclose time stamps (showing when the Subject Google Account holders accessed) and IP addresses. Any other substantial private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed.

Moreover, Google Account holders' privacy is protected by Google's policy set forth in its Privacy & Terms which provides in relevant part that[2], :

"Government agencies from around the world ask Google to disclose user information. We carefully review each request to make sure it satisfies applicable laws. **If a request asks for too much information, we try to narrow it, and in some cases we object to producing any information at all.** We share the number and types of requests we receive in our Transparency Report" (emphasis added)

Therefore, Applicant's request is narrowly tailored to highly relevant information and not unduly intrusive or burdensome.

## III.        CONCLUSION

For the reasons stated above, Yoshida respectfully requests that this Court grant this application and permit that it issue the subpoena to Google attached to the proposed order submitted with this application.

Dated:  September 10, 2021                 Respectfully submitted,

                                            MARSHALL SUZUKI LAW GROUP, LLP

                                            By:
                                                 Junji Suzuki
                                                 Attorney for Applicant,
                                                 Keiji Yoshida

---

[2]  Google, https://policies.google.com/terms/information-requests (last visited 03-02-2021)

**In re Ex Parte Application of Keiji Yoshida**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support